IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE LOPEZ, MARIO VARGAS, HUGO MORENO, and ALFONSO CORRAL, individually and on behalf of other employees similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RUSLAN MASONRY CONSTRUCTION, INC. and RUSLAN KHOMIN, individually, <br><br> Defendants. | Case No. 14 C 10372 |

**MEMORANDUM OPINION AND ORDER**

This late 2014 Fair Labor Standards Act ("FLSA") action[1] got off to a slow start because of the failure of plaintiffs' counsel to comply with the requirement of this District Court's LR 5.2(f) calling for delivery of a judge's copy of the Complaint to this Court's chambers.[2] It was not until February 3, 2015 that this Court, alerted to the existence of this action by its month-end printout of cases recently assigned to its calendar, issued its customary initial scheduling order that set a first status hearing at 9 a.m. February 20. At that date this Court granted defendants Ruslan Masonry Construction, Inc. ("Masonry") and Ruslan Khomin ("Ruslan") leave to answer or otherwise plead by March 13 and set a further status hearing for 9 a.m. April 13, giving oral instructions to both sides' counsel for proceeding in the interim.

---

[1] In addition to a federal claim under the FLSA, the Complaint also asserts state law claims under the auspices of 28 U.S.C. § 1367's supplemental jurisdiction provisions.

[2] This Court's website underscores that requirement in its opening entry.

Although Masonry and Ruslan have filed an Answer to the Complaint on March 10, their counsel also ignored the LR 5.2(f) requirement, so that this Court first learned of that filing from its periodic monitoring of ECF filings. Both because of counsel's delinquency in that respect and, much more importantly, because the Answer has plainly violated both the letter and the spirit of several fundamentals of federal pleading, this sua sponte memorandum opinion and order (1) strikes the Answer (with leave granted, of course, to file an Amended Answer) and (2) orders counsel, pursuant to Fed. R. Civ. P. ("Rule") 11(b)(3), to show cause why the conduct described hereafter has not violated Rule 11(b). This opinion goes on, then, to identify some of the more obvious flaws in the Answer (listed in the order of their appearance in that pleading, rather than in any attempt to rank them in order of importance).

First, the Answer frequently asserts that a Complaint paragraph "contains conclusions of law or calls for a legal conclusion to which no response is required" (see, e.g., Answer ¶¶ 1, 4, 5, 6, 45, 46, 48, 70 and 72[3]) -- in that respect see App'x ¶ 2 to the opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Moreover, the stated alternative to that response ("Defendants otherwise deny the allegations contained therein") cannot be advanced in the subjective and objective good faith demanded by Rule 11(b) -- see, e.g., the Answer's purported denial of the jurisdictional allegations in Complaint ¶¶ 4 and 5 and, most likely, the venue allegation in Complaint ¶ 6.

Next, the Answer invariably follows a disclaimer that is faithful to the language of Rule 8(b)(5) with the assertion "and therefore deny Paragraph --" (see Answer ¶¶ 3, 7 and 8). But it is

---

[3] Both here and throughout this opinion, the specific listings by this Court may not be exhaustive. It should really not be this Court's responsibility to spot everything in the extended Answer that leaves something -- or a good deal -- to be desired.

of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

But what appears to be most egregious is that the vast bulk of the Answer comprises flat-out denials, a number of which are downright lies. Here are a couple of obvious examples:

1. Answer ¶ 9 denies that Masonry "is an entity doing business within this judicial district." Yet its website (copy attached) lists its address as 8038 Floral Avenue, Skokie, IL 60077, and the text of the website concludes by stating "Ruslan Masonry serves the following Chicago Area" followed by a laundry list of well over 100 communities.

2. Answer ¶ 12 denies Ruslan's ownership of Masonry, his involvement in its operations and his authority to make business decisions -- assertions that would appear to be questionable at best.

3. Although Answer ¶ 21 admits (for a welcome change from the host of denials) the fact that the named plaintiffs "worked as laborers" in typical masonry work, Answer ¶¶ 17 through 20 simply deny the corresponding allegations of the Complaint as to those individuals' work tenures with Masonry. With notice pleading being the established order of the day in federal practice, it would seem that a good faith response in such situations ought to call for an identification of the employees' actual tenures with Masonry as shown by its records, so that the areas of controversy may be narrowed or eliminated entirely.

This listing could well go on almost indefinitely. But as stated earlier, this Court should not be called upon to play policeman to spell out defense counsel's deficiencies in chapter-and-verse terms -- and here it is painfully obvious that counsel have not taken the teaching of Rule 11(b) (or perhaps even the provisions of 28 U.S.C. § 1927) to heart. Defense counsel are ordered to file a self-contained Amended Answer on or before April 6, 2015 , coupled with the earlier-referred-to Rule 11(b)(3) response. Lastly, the previously set April 13 status hearing date remains in effect.

                                                                        _____  
                                                                        Milton I. Shadur  
                                                                        Senior United States District Judge

Date: March 24, 2015



| HOME | CONTACT |
|------|---------|

CONTACT

From a custom brick & stone home or commercial masonry construction to an extraordinary fireplace and outdoor living & grilling area, our expert mason professionals deliver a remarkable masonry construction quality for a great value.

Ruslan Masonry Construction, Inc.

8038 Floral Avenue
Skokie, IL 60077

773-718-5959

INFO@RUSLANMASONRY.COM



MASONRY WORK • BRICK & STONE • FIREPLACES • OUTDOORS

- Successfully completed over 200 new single family homes and several multiunit and commercial projects.
- Gained an excellent reputation among clients for an excellent workmanship and value.
- No project is too small or too large.
- We always offer best value pricing.

© 2009 Ruslan Masonry Construction, Inc. | All Rights Reserved |   © 2009 Design by M & M Art Studio, Inc

Ruslan Masonry serves the following Chicago Area: Algonquin, Alsip, Antioch, Arlington Heights, Aurora, Batavia, Barrington, Barrington Hills, Bartlett, Bedford Park, Bensenville, Berkeley, Berwyn, Blue Island, Bridgeview, Broadview, Brookfield, Buffalo Grove, Burbank, Burr Ridge, Calumet City, Calumet Park, Carpentersville, Chicago, Chicago Heights, Cicero, Country Club Hills, Countryside, Crestwood, Crete, Deer Park, Deerfield, Des Plaines, Dundee, Elgin, Elk Grove Village, Elmwood Park, Evanston, Evergreen Park, Flossmoor, Forest Park, Franklin Park, Geneva, Glencoe, Glenview, Glenwood, Gurnee, Hampshire, Hanover Park, Harvey, Hazel Crest, Harwood Heights, Hickory Hills, Highland Park, Hodgkins, Hoffman Estates, Homewood, Huntley, Indian Head Park, Itasca, Kenilworth, Justice, La Grange, Lake Forest, Lake in the Hills, Lake Villa, Lake Zurich, Libertyville, Lansing, Lemon, Lincolnwood, Lyons, Maine Township, Markham, Matteson, Midlothian, Montgomery, Morton Grove, Mount Prospect, Melrose Park, Naperville, Niles, North Lake, Northbrook, Oak Forest, Oak Lawn, Oak Park, Olympia Fields, Orland Park, Orland Hills, Oswego, Palatine, Palos Hills, Palos Township, Palos Park, Park Forest, Park Ridge, River Forest, Riverside, Rolling Meadows, Rosemont, Roselle, Schaumburg, Schiller Park, South Barrington, Streamwood, Sugar Grove, Summit, Tinley Park, Vernon Hills, Westchester, Western Springs, Wheeling, Wilmette, Winnetka, Willow Springs, Wood Dale, Woodridge, Worth, Yorkville and more.

ATTACHMENT